IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRECIOUS S. SAULS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1420-D-BN |
| | § | |
| DALLAS POLICE DEPT, ET AL., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Precious S. Sauls filed a *pro se* complaint under 42 U.S.C. § 1983, which Sauls then amended, alleging that the Dallas Police Department and a police detective negligently investigated a sexual assault case and thereby violated Sauls's civil rights. *See* Dkt. Nos. 3, 6, & 8. Sauls also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 5. So Senior United States District Judge Sidney A. Fitzwater referred this case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Sauls's IFP motion through a separate order, subjecting the allegations as amended to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint as amended.

### Discussion

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails

to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that

the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

Applying these standards to Sauls's allegations as amended, first, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, [so], as a private citizen, [Sauls] has no standing to institute a [ ] criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Tex.*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curiam) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) ("It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch.").

And, so, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

"This rule applies not only to protect prosecutors, but those who act in a 'prosecutorial capacity.'" *Lessor v. Dean*, No. 5:09-cv-463-Oc-29GRJ, 2010 WL 668268, at *2 (M.D. Fla. Feb. 19, 2010) (quoting *Smith v. Shook*, 237 F.3d 1322, 1324 (11th Cir. 2001); citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (recognizing that "[t]he decision to file or not file criminal charges falls within the category of acts that

will not give rise to section 1983 liability")).

And, so, "[t]he failure or refusal of a law enforcement agency to investigate ... an individual [also] does not state a cognizable claim under § 1983." *Ross v. Hutchins Police Dep't*, No. 3:09-cv-168-M, 2009 WL 1514364, *3 (N.D. Tex. May 29, 2009); *see also Smith v. Shreveport Police Dep't*, Civ. A. No. 11-2217-P, 2015 WL 711118, at *3 (W.D. La. Feb. 18, 2015) ("'[F]ailure to investigate' is not a violation of a federal statutory or constitutional right." (citations omitted)).

Sauls therefore fails to allege a plausible claim under Section 1983, and the complaint as amended should be dismissed.

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Sauls an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to further amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Sauls fails to show through timely objections a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

## Recommendation

Unless Plaintiff Precious S. Sauls shows through timely objections a basis to

further amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE